IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY PODELL,<br><br>    Plaintiff,<br><br>    v.<br><br>LLOYD J. AUSTIN III, et al.,<br><br>    Defendants. | No. 22-cv-3505 |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER VENUE AND FOR PARTIAL DISMISSAL**

Mindful of the Court's admonition not to repeat arguments raised in the initial brief, Defendants file this short reply to address plaintiff Jeffrey Podell's effort to satisfy Title VII's exclusive venue provision, 42 U.S.C. § 2000e-5(f)(3). Podell raises three arguments: 1) NGA's website data should be considered "'stored' wherever it is utilized or accessed" and Podell accessed NGA's website from his home in this District; therefore, the NGA maintains and administers employment records in this District; 2) Podell participated in remote interviews and communications relating to his requests for accommodation from his home in this District; therefore, the "alleged unlawful employment practice" was "committed" in this District for purposes of Title VII's venue provision; and 3) even though he affirmatively alleged that he had applied for police officer positions in Springfield, Virginia and St. Louis, Missouri, Podell suggests he may have worked in Pennsylvania; therefore, this District is the district where he would have worked but for the unlawful employment practice. Even to restate the arguments illustrates

their flaws. None of the arguments is supported by the text of § 2000e-5(f)(3), relevant caselaw, or common sense.

In the alternative, Podell suggests that he need not satisfy Title VII's venue provision because he brings other claims too. But this is wrong on the law. Even if the Court does not dismiss Podell's other claims, the Court may not exercise venue over Podell's Title VII claim. Rather, the Court should transfer the entirety of Podell's case to the Eastern District of Virginia.

## I.  Title VII's venue provision is not satisfied.

### A. The NGA does not maintain or administer employment records in this District relevant to the allegedly unlawful employment practice.

Title VII's venue provision authorizes venue on three principal grounds, including "in the judicial district in which the employment records relevant to [the allegedly unlawful employment practice] are maintained and administered." 42 U.S.C. § 2000e-5(f)(3). With its opening motion, Defendants supplied a declaration from NGA Assistant General Counsel Jack Rickert, who explained that "NGA maintains its employment records on servers located in Springfield, Virginia and St. Louis, Missouri," and that "NGA does not store records in Pennsylvania." Doc. 22-2, Rickert Decl. ¶¶ 5–6. Accordingly, this ground for venue—based on the location of employment records—is not available to Podell.

In response, Podell argues that the NGA's data "is collected or 'stored' on websites, the secured internet and other electronic media" and that "information is 'stored' wherever it is utilized or accessed, in this case the Eastern District of Pennsylvania." This apparently refers to Podell's statement that he accessed the NGA's online portal and questionnaire from his home in Pennsylvania. Doc. 26, Podell Aff. ¶¶ 5–6.

Frankly, this response does not make sense. Section 2000e-5(f)(3) refers to the district where "employment records relevant to [the allegedly unlawful] employment practice are maintained and administered." Defendants have submitted evidence showing that NGA employment records are not maintained or administered in Pennsylvania, but are maintained in Springfield, Virginia and St. Louis, Missouri. The fact that Podell participated in the hiring process from his home in Pennsylvania does not alter where the NGA maintains its records. Podell argues that it is "irrelevant if there is any particular hard copy in Virginia or Missouri," but Mr. Rickert's declaration was not limited to hard copy records. He explained that the NGA's employment records are maintained "on servers" located in Springfield, Virginia and St. Louis, Missouri. Rickert Decl. ¶ 5. Storage on "servers" refers to the storage of electronic documents, not hard copy documents.

Perhaps to state the obvious, if Podell were correct that employment records are "administered or maintained" for purposes of Title VII wherever they might be accessed via the internet, then there would be venue in every judicial district in

every case. That is not the law. Venue is not appropriate here based on the location of employment records relevant to the allegedly unlawful employment practice.

### B. The allegedly unlawful employment practice is not alleged to have been committed in Pennsylvania.

A second ground for venue under Title VII is "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). In it opening motion, Defendants submitted evidence showing that NGA does not have any facilities in Pennsylvania, that no decisions relating to Podell's hiring or accommodation were made in Pennsylvania, and that all NGA officials involved in Podell's hiring decision and decision whether to provide an alternate testing date were located outside of Pennsylvania. Rickert Decl. ¶¶ 4, 8. Further, the pre-employment testing events at the core of Podell's claims were held in Virginia. SAC ¶¶ 44, 46, 47. In other words, NGA did nothing at all in Pennsylvania, let alone commit an unlawful employment practice there.

In response, Podell contends that he received communications in Pennsylvania relating to his application and efforts to seek an accommodation regarding the testing date. According to Podell, this means that the failure to accommodate his religious requirements was "committed" in Pennsylvania.

Podell's evidence is sufficient to show that *he* was located in Pennsylvania, but *he* did not commit an unlawful employment practice. Rather, he alleges that the NGA committed an unlawful employment practice. And the uncontradicted evidence

4

shows that NGA personnel did not take any actions in Pennsylvania pertinent to Podell's claims.

The caselaw cited by Podell does not support his view that a plaintiff's mere receipt of employment-related communications in a state is sufficient to satisfy Title VII's provision for venue in the state where unlawful employment practices are committed. In *Cox v. Nat'l Football League*, 1997 WL 619839, *1 (N.D. Ill. 1997), the plaintiff Cox was a member of the Chicago Bears who had filed a suit in the Northern District of Illinois arising out of his employment with the Bears. Although a pertinent decision to fine Cox had been made in New York, the fine was effected by the Bears' management in Illinois withholding Cox's game check and forwarding it to the NFL. *Id.* at *2. Cox alleged that act to be unlawful retaliation, and the Court found it sufficient to satisfy Title VII's venue provision because the unlawful retaliation was *committed* in Illinois by the Bears' management. *Id.* at *3. Podell does not allege any analogous conduct occurring in Pennsylvania with respect to his claims.

Podell relies heavily on *Berg v. Aetna Freight Lines*, 2008 WL 2779294, *1 (W.D. Pa. 2008), but that is even further afield from Podell's allegations. There, the court found venue proper in Pennsylvania because, among other reasons, the plaintiff and her alleged sexual harassers had attended a cruise on Pittsburgh's rivers during which the alleged harassers committed various offensive acts. *Id.* This harassment was one of the principal "unlawful employment practices" defendants

5

allegedly committed and supported venue because it took place in Pennsylvania. Far from adopting Podell's position that a plaintiff's participation in telephonic or remote communications from a district supports venue, the Court noted that venue might also be permissible in Ohio, where the *defendants* generated and sent sexually suggestive emails. *Id.* at *2. Venue would also be permissible in Ohio because the defendants "committed" the allegedly unlawful employment practice of sending sexually suggestive emails from there. But the Court nowhere suggested that the *plaintiff's* location where she *received* those emails was pertinent to the inquiry. The analogous situation here would be the location where NGA employees generated and sent emails regarding its alleged failure to accommodate—Virginia. Accordingly, *Berg* further supports venue in Virginia, and does not support venue in Pennsylvania.[1]

Podell has not identified a single case in which Title VII venue's provision was satisfied by the plaintiff's mere participation in remote or telephonic communications from his or her desired venue. This Court should not be the first to

---

[1] *N. American Communs. Inc. v. Herman*, 2018 WL 581069 (W.D. Pa. 2018), is not a Title VII case at all. Rather, that case involved an alleged breach of a contractual non-solicitation clause. In addition to relying on the fact that one company employee was solicited by emails she received at work in the venue and by phone calls she participated in from the district, the defendant had solicited another employee (the defendant's son) while the two were present in the judicial district. Accordingly, venue was appropriate for the breach of contract action under the more flexible standard of 28 U.S.C. § 1391(b)(2).

recognize such an expansive theory, which would have the effect of vastly expanding Title VII's narrow venue provision.

### C. If Podell had obtained the job, he would not have been employed in Pennsylvania.

Although somewhat unclear from his submissions, Podell may be challenging the NGA's evidence showing that, had Podell been hired, he would not have worked in Pennsylvania. *See, e.g.,* Podell Aff. ¶¶ 18, 19, 20, Podell Br. at 15. *See* 42 U.S.C. § 2000e-5(f)(3) (providing for venue "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice").

Podell's own complaint nowhere alleged that he applied for vacancies in Pennsylvania, and affirmatively alleged that he applied to vacancy announcements for positions in Springfield, Virginia and St. Louis, Missouri. SAC ¶ 39 (alleging he applied for four Police Officer positions pursuant to vacancy announcements for Springfield, Virginia and St. Louis, Missouri), ¶ 50 (alleging he received emails from NGA about the two positions he applied for in Virginia). The Rickert declaration similarly confirmed that the vacancy announcements were for Virginia and Missouri. Rickert Decl. ¶ 7. The actual vacancy announcements, attached as exhibits to the Rickert Declaration, state clearly that they are for duty stations of Springfield, Virginia and St. Louis, Missouri. Rickert Decl. Ex A. And Rickert further declared that "there are no NGA jobs in Pennsylvania." Rickert Decl. ¶ 7.

Thus, there is simply no evidence that, had Podell been hired, he would have worked in Pennsylvania. To the contrary, there is overwhelming evidence that, had

7

he been hired, he would not have worked in Pennsylvania, and would have worked in Virginia or Missouri. Accordingly, this prong of Title VII's venue provision is not satisfied in this District.

## II. Even if the non-Title VII claims are not dismissed, the entire action should be transferred to an appropriate venue.

In the alternative, Podell suggests that, because he attempts to plead various other claims in addition to his claims under Title VII, the Court should retain the case here, exercising "pendent venue" over the Title VII claim. *See* Podell Br. at 20 (suggesting that Title VII is not the principal cause of action).

"[A] plaintiff cannot make an end-run around the Title VII venue statute by piling additional causes of action on top of his Title VII claims." *Braun v. U.S. Dep't of the Interior*, 288 F. Supp. 3d 293, 301 (D.D.C. 2018), *aff'd sub nom. In re Braun*, 2018 WL 11300459 (D.C. Cir. Dec. 28, 2018); *see also* 14D Fed. Prac. & Proc. Juris. § 3808 ("Courts have also shown concern about overriding the special venue provisions that apply to Title VII discrimination actions.") (citing cases).

Plaintiff's position is contrary to the general rule that "venue must be established for each cause of action in a plaintiff's complaint." *Trawick v. Harvey*, 2006 WL 2372241, *1 (E.D. Pa. 2006). And is also contrary to the consistent practice of federal courts, faced with improperly venued Title VII claims, of transferring the entire case to an appropriate venue. *See, e.g., id.* ("When venue is improper as to a plaintiff's Title VII claim, however, federal courts have consistently transferred the entire case to an appropriate venue, instead of splitting the case apart."); *Grant v.*

8

*Reverea Inc./Revera Health Sys.*, 2012 WL 13186260, *2 (E.D. Pa. 2012) (same); *Ash v. Buttigieg*, 2022 WL 1125559, *3 (D.D.C. 2022) ("Courts transferring Title VII claims under § 2000e-5(f)(3) regularly transfer the entire case rather than breaking it up."); *Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 6 (D.D.C. 2013) ("[E]ven when only some of the claims in the complaint arise under Title VII, courts regularly transfer the entire case if they find venue for the Title VII claims to be improper."); *see also Dehaemers v. Wynne*, 522 F. Supp. 25 240, 249 (D.D.C. 2007) ("[T]his Court does not assume pendent venue over Plaintiff's . . . Title VII claims because the authority in this Circuit indicates that when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower venue provision of § 2000e–5(f)(3) controls."); *cf. Yelverton v. Lab. Corp. of Am. Holdings*, 2020 WL 2307353, *2 (E.D. Pa. 2020) ("Courts have recognized that 'Title VII should be considered a principal cause of action whenever it is joined with a cause of action under 42 U.S.C. § 1981' and that 'proper venue must be established for that principal cause of action.'").

### III. Conclusion

Defendants respectfully request that the Court dismiss Counts 3 through 8 as to all defendants; dismiss all defendants other than Secretary Austin from all remaining claims; and transfer the matter to the Eastern District of Virginia.

                                                Respectfully submitted,

Dated: January 19, 2023          JACQUELINE C. ROMERO
                                                United States Attorney

                                                <u>/s Susan R. Becker for GBD</u>
                                                Gregory B. David
                                                Assistant United States Attorney
                                                Chief, Civil Division


                                                <u>/s Landon Y. Jones III</u>
                                                LANDON Y. JONES III
                                                Assistant United States Attorney
                                                615 Chestnut Street, Suite 1250
                                                Philadelphia, PA 19106-4476
                                                landon.jones@usdoj.gov
                                                (215) 861-8323 (L. Jones Direct)
                                                (215) 861-8618 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Replyin Further Support of Defendants' Motion to Dismiss or, Alternatively, Transfer Venue electronically with the Court and the document is available for viewing and downloading from the ECF System. Electronic service of the Notice of Electronic Case Filing generated by the ECF System constitutes service of the filed documents on all parties who have consented to electronic service.

Dated: January 19, 2023

/s Landon Y. Jones III
Landon Y. Jones III
Assistant United States Attorney