IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY PODELL,<br><br>   Plaintiff,<br><br>       v.<br><br>LLOYD J. AUSTIN III, et al.,<br><br>   Defendants. | No. 22-cv-3505 |

**SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER VENUE AND FOR PARTIAL DISMISSAL**

The government submits this supplemental brief to address the following questions raised at oral argument:

(1) does Title VII's venue provision, 42 U.S.C. § 2000e-5(f), apply to federal sector Title VII claims against the government, rather than the general venue statute, 28 U.S.C. § 1391(e)?

(2) how should the Court apply the language in Title VII's venue provision allowing for cases to be brought in any judicial district in the State in which the unlawful employment practice "is alleged to have been committed," 42 U.S.C. 2000e-5(f)?

(3) which party bears the burden of proof on a motion to dismiss or transfer for improper venue?

The answer to each of these questions is straightforward. First, Title VII's venue provision expressly applies to federal sector claims against the government pursuant to 42 U.S.C. § 2000e-16(d). Second, the Court should credit plaintiff's

factual, but not legal, allegations for purposes of venue, except insofar as the factual allegations are contradicted by declarations or other evidence. Third, in this Circuit, the moving party bears the burden of showing that venue is improper.

Here, the government has satisfied its burden of showing that venue is improper for Podell's Title VII claims. Accordingly, the Court must dismiss the case or, in the interests of justice, transfer it to the Eastern District of Virginia, where venue is proper.

I.  **Title VII's venue provision applies to federal sector claims against the government.**

At argument, the Court and the parties discussed whether Title VII's venue provision, 42 U.S.C. § 2000e-5(f), applied to claims against the government, or, alternatively, whether the general venue statute's provision for claims against the government applied, 28 U.S.C. § 1391(e). At the conclusion of the hearing, the Court commented that the government "is specifically mentioned" in the general venue statute, but "is not specifically mentioned in the venue statute under Title VII." Apr. 26, 2023 Tr. at 67:8–11. And the Court invited supplemental briefing on which venue provision should apply to Title VII claims against the government.

In reviewing the transcript, it is apparent that a dispositive aspect of Title VII's application to the government was overlooked—Title VII's federal sector provisions expressly incorporate the special venue provision. By way of background, as originally enacted in 1964, Title VII did not apply to the federal government.

Congress included Title VII's special venue provision, 42 U.S.C. § 2000e-5(f)(3), within the original private sector enforcement provisions of 42 U.S.C. § 2000e-5. Notably, this provision was enacted after 28 U.S.C. § 1391, the general venue statute, and there is no question that Congress intended Title VII's venue provision to be more restrictive. *See, e.g., Bolar v. Frank*, 938 F.2d 377, 378–79 (2d Cir. 1991) (discussing history of Title VII's venue provisions).

Congress extended Title VII's protections to federal employees in 1972. *See generally Komis v. Secretary, U.S. Department of Labor*, 918 F.3d 289, 294 (3d Cir. 2019) (discussing history of Title VII's application to federal government); *Morton v. Mancari*, 417 U.S. 535, 547 (1974) (same). Title VII's federal sector provisions are generally housed in 42 U.S.C. § 2000e-16, titled "Employment by Federal Government." That section of Title VII exclusively addresses claims against the federal government.

In extending Title VII to claims against the federal government, Congress expressly incorporated Title VII's narrow venue provision (section 2000e-5(f)(3)) into the federal sector provisions of 42 U.S.C. § 2000e-16. In section 2000e-16(d), Congress directed that "[t]he provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern civil actions brought hereunder [i.e., under the federal sector provisions of section 2000e-16]." "The 'shall govern' language is mandatory" and undermines any argument that Title VII's venue provision does not render section 1391 inapplicable. *Bolar*, 938 F.2d at 379.

3

So, while the Court was correct to note that Title VII's venue provision does not expressly reference the federal government, that overlooks that Title VII's later-enacted federal sector provisions expressly reference and incorporate the already-existing special venue provision, superseding the general venue statute. In other words, in considering which aspects of Title VII should apply to the federal government, Congress expressly directed that Title VII's narrow venue provision must apply. *See* 42 U.S.C. §§ 2000e-16(d), 2000e-5(f)(3).

Section 2000e-16(d)'s express incorporation of Title VII's venue provision is dispositive, and no further analysis is necessary. However, the Court also requested that the government identify cases where courts have applied Title VII's special venue provision to claims against the federal government or addressed the potential application of the general venue statute for such claims. Such cases are legion and include the following:

- *Bolar*, 938 F.2d at 378–79 (applying 2000e-5(f)(3) to Rehabilitation Act claims (which incorporate Title VII provisions) against the Postal Service, reviewing history of Title VII's venue provision as it relates to the general venue statute, noting near-uniform application by courts of Title VII's venue provision, and stating that "well settled principles of statutory construction dictate that the later, specific venue provision (section 2000e–5(f)(3)) applies rather than the earlier, general venue provision (section 1391(e))");

- *Troster v. Garland*, 2021 WL 5865447, *3–4 (D.D.C. 2021) (noting that Title VII's special venue provision "controls any other venue provision governing actions in federal court" and applying 2000e-5(f)(3) to claims against FBI);

4

- *Eleazu v. Director, US Army Network Enter. Ctr.*, 2021 WL 4272596, *5 (D.S.C. 2021) (rejecting argument that general venue statute applies and applying 2000e-5(f)(3) to Title VII claims against Army);

- *Herbert v. Sebelius*, 925 F. Supp. 2d 13, 18 (D.D.C. 2013) (applying 2000e-5(f)(3) to claims against HHS and stating, "Venue in Title VII cases is not set by the general venue statute, 28 U.S.C. § 1391, but rather by the venue provision in 42 U.S.C. § 2000e-5(f)(3) . . . . This venue statute governs all Title VII claims and supersedes any other venue provision governing actions in federal court.");

- *Wilson v. Pallman*, 2009 WL 2448577, *3 (E.D. Pa. 2009) (holding that Title VII's special venue provision "renders the general venue provision of 28 U.S.C. § 1391 inapplicable to claims under Title VII" and applying 2000e-5(f)(3) to claims against Department of Agriculture);

- *Trawick v. Harvey*, 2006 WL 2372241 (E.D. Pa. 2006) (holding that "Title VII contains an exclusive venue provision for cases brought within its ambit, rendering inapplicable the general venue provision of 28 U.S.C. § 1391" and applying 2000e-5(f)(3) to Title VII claims against Army);

- *Sandler v. Donley*, 2011 WL 2293327, *2–3 (D.N.J. 2011) (noting that venue is generally governed by 28 U.S.C. § 1391, but Title VII's special venue provision applies in Title VII cases, and applying 2000e-5(f)(3) to claims against Air Force);

- *Kidd v. Vilsack*, 2009 WL 2132709, *1 (D.D.C. 2009) (holding that "general venue statute cannot trump Title VII's special venue provision" and applying 2000e-5(f)(3) for claims against Department of Agriculture); and

- *Archuleta v. Sullivan*, 725 F. Supp. 602, 603 (D.D.C. 1989) (rejecting as "patently frivolous" argument that general venue statute applies to Title VII claims against federal government).[1]

---

[1] *See also, e.g., Shahin v. Geithner*, 2012 WL 2126906, *3–4 (D. Del. 2012) (applying 2000e-5(f)(3) to Title VII claims against IRS); *McLaughlin v. Holder*, 864 F. Supp. 2d 134, *19 (D.D.C. 2012) (applying 2000e-5(f)(3) to Title VII claims against VA); *Valerino v. Holder*, 2011 WL 13370501 (D.V.I. 2011) (applying 2000e-5(f)(3) to Title VII claims against Marshals Service).

5

## II. The Court should credit Podell's factual, but not legal, allegations, and only insofar as they are not contradicted by the evidence in the record.

The Court also inquired at argument about section 2000e-5(f)(3)'s provision for venue in the state in which the unlawful employment practice "is alleged to have been committed." (Tr. 43, 70.) This language differs somewhat from the roughly analogous provision of the general venue statute, which does not use the term "alleged," and allows for venue in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. §§ 1391(b)(2), (e)(1). As the government understands the Court's question, the Court is interested to know whether section 2000e-5(f)(3)'s reference to what the plaintiff has "alleged" binds the Court to accept Podell's allegations, regardless of contrary evidence submitted by the government, in a manner different than venue inquiries under the general venue statute. *See* Tr. 70.

The short answer is no. The same standard applies to the Court's consideration of the complaint's allegations and extra-pleading materials in applying the Title VII venue standard than when applying the general venue statute. But it does not matter in this case because Podell's factual allegations regarding the location of any unlawful employment practice are consistent with the evidence submitted.

First, under any rule regarding the complaint's allegations, the Court should consider only Podell's well-pled factual allegations and should disregard any legal

6

conclusions. This is the familiar standard from the Rule 12(b)(6) context—the Court should "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth" and only "look for well-pled factual allegations." *See Oliver v. Roquet*, 858 F.3d 180, 189 (3d Cir. 2017); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2011) (courts should separate factual and legal elements of a claim and disregard complaint's legal conclusions); *see also Bockman v. First Am. Marketing Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (courts should consider only well-pled allegations in ruling on Rule 12(b)(3) motion to dismiss for improper venue); *Deb v. SIRVA, Inc.*, 832 F.3d 800, 808–09 (7th Cir. 2016) (same).

Second, undersigned counsel has not identified any caselaw suggesting any greater weight should be given to a plaintiff's allegations when considering a Rule 12(b)(3) motion addressing venue under section 2000e-5(f)(3) than the same motion addressing section 1291. Instead, as with general venue inquiries, the Court should accept a plaintiff's factual allegations as true "only to the extent that such facts are uncontroverted by defendant's affidavit." *See Bockman*, 459 F. App'x at 158 n.1 (quoting *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998) (a Title VII case)); *Weaver v. Walgreen Co.*, 2021 WL 698206, *1 n.1 (E.D. Pa. 2021) (applying same standard in Title VII case); *Binks v. US Tech Solutions*, 2020 WL 6701470, *2 (D.N.J. 2020) (same); *Rudolf v. American Int'l Group, Inc.*, 2020 WL 5544423, *6 (W.D. Pa. 2020) (same).

7

It makes sense that the same standard would apply. Even though the general venue statute does not specifically reference what the plaintiff has "alleged," the inquiry necessarily focuses on the plaintiff's allegations of where "the events or omissions giving rise to the claim occur," just as under section 2000e-5(f)(3) the inquiry focuses on the plaintiff's allegations of where the unlawful employment practice occurred.

Third, even if the Court were to conclude the language of 2000e-5(f)(3) suggests a court should give greater weight to a plaintiff's allegations, Podell's complaint simply does not allege that the NGA committed an unlawful employment practice in Pennsylvania. For that reason, he cannot satisfy Title VII's venue requirement. Podell alleges that *he* was present in the district as he engaged in aspects of the hiring process (sending and receiving emails, SAC ¶¶ 23, 40–50) and subsequent EEO proceedings (phone calls, interviews, and written correspondence, SAC ¶¶ 22, 51–54, 64, 70). But Title VII provides for venue in the state in which the unlawful employment practice was committed, and Podell did not allegedly commit an unlawful employment practice. The complaint alleges *the NGA* committed an unlawful employment practice by failing to accommodate his request to participate in the preemployment screening on a different day. The complaint contains no factual allegations that NGA employees took any actions whatsoever in Pennsylvania in this regard. To the contrary, the complaint affirmatively alleges

8

that the pre-employment screening for which he sought accommodation was scheduled to take place in Virginia. (SAC ¶¶ 44, 46, 47.)

Further, the supplemental evidence that NGA submitted, insofar as it relates to the location of the alleged unlawful employment practice, is in harmony with Podell's factual allegations. The fact that the NGA employees considering whether to accommodate Podell's request were located in Virginia or Missouri is consistent with Podell's complaint, which does not address the location of NGA employees. *Compare* Rickert Decl. ¶ 8 *with* SAC ¶¶ 43–50. A plaintiff cannot defeat Title VII's venue requirements through artful pleading by remaining silent as to the location of a defendant's employees allegedly committing unlawful employment practices, and then contend that the Court may not consider unrebutted evidence of their location submitted by the defendant. *See, e.g., Bockman*, 459 F. App'x at 158 n.1 (court may consider evidence submitted by defendants); *Ebron v. Dep't of Army*, 766 F. Supp. 2d 54, 57 (D.D.C. 2011) (where plaintiff alleged unlawful employment practice was committed in workplace and defendant supplied uncontested evidence that workplace was in Virginia, Title VII's venue provision was not satisfied for claim against Army brought in D.C.).

Thus, the NGA has supplied uncontested evidence showing that any allegedly unlawful employment practice was committed outside of Pennsylvania, and Podell has not made any contrary factual allegation. Nor has Podell included any

9

affirmative factual allegations showing that the NGA committed an unlawful employment practice in Pennsylvania.

### III. The government has met its burden to show that venue is improper under 42 U.S.C. § 2000e-5(f)(3).

Finally, the government acknowledges that under Third Circuit law the moving party bears the burden of showing improper venue on a Rule 12(b)(3) motion. *See, e.g., Simon v. Ward*, 80 F. Supp. 2d 464, 466–67 (E.D. Pa. 2000) (discussing Third Circuit caselaw); *but see* 14D Fed. Prac. & Proc. Juris. § 3826 (noting that "weight of authority" is that burden is on plaintiff to establish that the chosen district is a proper venue and that this may be considered the "better view").

Here, the government has met its burden. As discussed above, in prior briefing, and at argument, the NGA did not allegedly commit an unlawful employment practice in Pennsylvania. *See also* Rickert Decl. ¶ 8. With respect to the other prongs of the Title VII venue provision, Podell has offered only conclusory allegations, to which the Court should give no weight, that: 1) "[i]t is believed and therefore averred that some or all of the records relevant to the challenged practice are maintained, utilized and administered in the Eastern District of Pennsylvania;"[2] 2) it "is averred that Plaintiff may have worked within the Eastern

---

[2] At the April hearing, Podell submitted evidence that the Office of Personnel Management stores certain documents in Boyers, Pennsylvania. Tr. 37. The Court can take judicial notice that Boyers, Pennsylvania is not within the Eastern District of Pennsylvania (it is north of Pittsburgh). Therefore, those records—even if they

District of Pennsylvania for one or more Defendants, a subject not knowable at this time" and 3) it is "believed and therefore averred that Defendants may have their principal offices within the Eastern District of Pennsylvania." (SAC ¶¶ 21, 24, 25.) The NGA has submitted unrebutted evidence that: 1) it does not maintain and administer employment records in this district because it stores the records on servers in Virginia and Missouri, *see* Rickert Decl. ¶¶ 5–6; 2) Podell would not have worked in this district (and only applied to work in Virginia or St. Louis), *see* Rickert Decl. ¶ 7; and 3) the NGA does not have its principal office (or any office at all) in this district, *see* Rickert Decl. ¶¶ 3–4.

## IV. Conclusion

Podell has not satisfied any of the options for permissible venue under Title VII. Accordingly, for the reasons explained at oral argument and in prior briefing, the Court should dismiss Counts 3 through 8 as to all defendants; dismiss all defendants other than Secretary Austin from all remaining claims; and transfer the matter to the Eastern District of Virginia.

---

included Podell's employment records, of which there is no evidence—could not possibly satisfy Title VII's venue provision. *See* 42 U.S.C. 2000e-5(f)(3) (providing for venue *in the judicial district* in which the employment records relevant to such practice are maintained and administered) (emphasis added). Podell also submitted records suggesting that the National Archives maintains documents in Philadelphia. That may be so—there are undoubtedly lots of federal records in Philadelphia—but there is no evidence in the record that the National Archives maintains and administers records relating to Podell or the NGA's alleged failure to accommodate Podell's request for an alternative preemployment screening date. The only record evidence is that such records are not maintained in Pennsylvania. *See* Rickert Decl. ¶¶ 5–6.

11

                                                                     Respectfully submitted,

Dated: July 21, 2023                   JACQUELINE C. ROMERO
                                           United States Attorney

                                           <u>/s Susan R. Becker for GBD</u>
                                           Gregory B. David
                                           Assistant United States Attorney
                                           Chief, Civil Division


                                           <u>/s Landon Y. Jones III</u>
                                           LANDON Y. JONES III
                                           Assistant United States Attorney
                                           615 Chestnut Street, Suite 1250
                                           Philadelphia, PA 19106-4476
                                           landon.jones@usdoj.gov
                                           (215) 861-8323 (L. Jones Direct)
                                           (215) 861-8618 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Supplemental Brief in Further Support of Defendants' Motion to Dismiss or, Alternatively, Transfer Venue electronically with the Court and the document is available for viewing and downloading from the ECF System. Electronic service of the Notice of Electronic Case Filing generated by the ECF System constitutes service of the filed documents on all parties who have consented to electronic service.

Dated: July 21, 2023

/s Landon Y. Jones III
Landon Y. Jones III
Assistant United States Attorney