IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY PODELL,

             Plaintiff,

   v.

LLOYED J. AUSTIN III, et al.,

             Defendants.

CIVIL ACTION
NO. 22-cv-3505

## OPINION

**Slomsky, J.**                                                                     **July 31, 2023**

## I.     INTRODUCTION

Before the Court is Defendants' Motion to Transfer Venue of this case (Doc. No. 22) to the United States District Court for the Eastern District of Virginia.  In the Motion, Defendants also seek partial dismissal of: 1) all constitutional and Religious Freedom Restoration Act ("RFRA") claims; 2) Title VII claims based on alleged hostile work environment and retaliation; and 3) all Title VII claims against individual defendants other than Lloyd Austin, the Secretary of Defense. Defendants' Motion to Transfer Venue will be granted and this case will be transferred to the Eastern District of Virginia.  Since this case is being transferred, this Court will not rule on the request for partial dismissal.  That request can be heard by the transferee court.

In his Complaint, Plaintiff Jeffrey Podell alleges employment discrimination on the basis of religion, in violation of 42 U.S.C. § 2000(e)-16(a) ("Title VII"), the Due Process Clause of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fifth Amendment, and 42 U.S.C. §§2000bb-2000bb-4 ("RFRA").  These claims arise out of Defendants' actions surrounding Plaintiff's application for employment with Defendant National-Geospatial Intelligence Agency ("NGA").

On December 19, 2022, Defendants filed the Motion to Transfer Venue (the "Motion") (Doc. No. 22) of this case to the United States District Court for the Eastern District of Virginia pursuant to Federal Rule of Civil Procedure 12(b)(3), 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1404(a). NGA is located in the Eastern District of Virginia in Springfield, Virginia, although it does have another facility in St. Louis, Missouri. On January 1, 2023, Plaintiff filed an Answer to Defendant's Motion to Transfer Venue (Doc. No. 25), maintaining that the Eastern District of Pennsylvania is the proper venue, and on January 19, 2023, Defendants filed a Reply. (Doc. No. 27.) On July 21, 2023, the parties filed supplemental memoranda. (Doc. Nos. 40-41.) For reasons that follow, this Court will grant Defendant's Motion to Transfer Venue to the United States District Court for the Eastern District of Virginia.

## II.    BACKGROUND

On April 23, 2021, Plaintiff applied for four police officer positions with Defendant National Geospatial Intelligence Agency ("NGA"). The job openings were in its Springfield, Virginia, and St. Louis, Missouri, locations, as were the officials who processed employment applications and the servers on which application records were stored. (Doc. Nos. 1 ¶ 28; 22-2 ¶¶ 5, 8.) Shortly thereafter, Defendants invited Plaintiff to complete the first phase of pre-employment processing in Springfield, which was scheduled to take place on a Saturday. (Doc. No. 1 ¶ 29.) Plaintiff responded to this invitation by informing Defendants that he could not attend the pre-employment processing event on a Saturday because of his Jewish faith and inquired about the possibility of alternative dates. (Id. ¶ 31.) Defendants responded that the first phase of the employment processing for a police position with NGA could only be scheduled on a Saturday. Defendants offered to consult with Human Resources about alternative dates. Plaintiff was invited to come to Springfield for pre-employment processing on another Saturday. (Id. ¶ 35.)

During the following months, Plaintiff continued to inform Defendants of his religious obligations, while Defendants continued to offer Plaintiff Saturday dates.  (Id. ¶¶ 32-38.)  Then, on September 28, 2021, Defendants informed Plaintiff that his application had been reviewed and that he was not selected for the positions.  (Id. ¶ 39.)  By October 12, 2021, Plaintiff sent a written complaint to Defendant, which led to the initiation of an informal complaint and investigation. (Id. ¶ 42.)

On September 1, 2022, believing that the NGA informal complaint process would be unsatisfactory, Plaintiff instead filed the present complaint against Defendants in this Court. (Id. at 1.)  On December 19, 2022, Defendants filed the Motion to Transfer Venue to the Eastern District of Virginia. (Doc. No. 22 at 1.)  In the Motion to Transfer Venue, Defendants argue that Title VII's exclusive venue provision renders the Eastern District of Pennsylvania an improper forum for the case, as none of 42 U.S.C. § 2000e-5(f)(3) venue requirements, noted below, are satisfied. (Doc. No. 22-1 at 6.)  Attached to the Memorandum of Law in Support of Defendants' Motion to Transfer Venue is a sworn affidavit of an NGA Assistant General Counsel.  The affidavit states:

I, Jack Rickert, declare and state the following:

1.  I am an Assistant General Counsel at the National Geospatial-Intelligence Agency ("NGA").  I have been employed at NGA and its predecessor since 1995.

2.  I am submitting this declaration for the Secretary of Defense's use in the above-captioned matter.

3.  NGA is located in Springfield, VA, on the northern annex of Fort Belvoir, Virginia.  There is another NGA facility in St. Louis, Missouri.

4.  NGA does not have any branches, offices, or facilities in Pennsylvania, or anywhere near the Philadelphia area.  NGA's closest office, the facility in Springfield, VA, is located approximately 166 miles away from Philadelphia.

5.  NGA maintains its employment records on servers located in Springfield Virginia, and St. Louis, Missouri.

6.  NGA does not store records in Pennsylvania.

7.  Mr. Podell responded to vacancy announcements advertising positions in Springfield, Virginia, and St. Louis, Missouri.  I have attached copies of the related vacancy announcements to this declaration as Exhibit A.  Those vacancy announcements advertised the position of Police Officer (Entry Level).  An NGA Police Officer is required to work on-site at the applicable duty station, as reflected in the vacancy announcements.  Had the Plaintiff obtained the position he sought as an NGA Police Officer, he would have been employed and physically located in NGA's Springfield, Virginia facility.  As noted above, there are no NGA jobs in Pennsylvania.

8.  No decisions relating to the hiring of Plaintiff, or the NGA Police testing, were made in Pennsylvania.  The NGA officials involved in the hiring decision and whether to offer an alternative testing date were located in NGIA facilities in either Springfield, VA or St. Louis, MO.

I declare under penalty of perjury, pursuant to Title 28, United States Code, Section 1746, that the foregoing is true and correct to the best of my information and knowledge.

(Doc. No. 22-2 at 1-2.)

On January 12, 2023, Plaintiff filed a Response in Opposition to the Motion to Transfer Venue, arguing that Title VII claims could be brought under 42 U.S.C § 2000e-5(f)(3) where the alleged discriminatory practice was committed and under 28 U.S.C § 1391(e)(1)(B) "where a substantial part of the events or omissions giving rise to the claim occurred."[1] (Doc. No. 25 at 13.)

---

[1]  28 U.S.C. § 1391 is the general venue statute.  Subdivision (e)(1) provides as follows:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the

On January 19, 2023, Defendants filed a Reply in Further Support of the Motion to Transfer Venue, reiterating that Title VII's venue provision is not satisfied because (1) the NGA does not maintain or administer employment records in the Eastern District of Pennsylvania, (2) the allegedly unlawful employment practice is not alleged to have been committed in Pennsylvania, and (3) even if Plaintiff had obtained the job, he would not have been employed in Pennsylvania. (Doc. No. 27 at 2-7.)

## III.   STANDARD OF REVIEW

Under 42 U.S.C. § 2000e-5(f)(3), a plaintiff may bring a Title VII action in four possible judicial districts.  42 U.S.C. § 2000e-5(f)(3).  The statute provides that:

> [s]uch an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Id.

If a plaintiff asserts Title VII claims in a jurisdiction that does not satisfy one of the four venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper.

---

subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action . . .

Although the text of § 1391 (e)(1)(C) provides that venue may be proper where Plaintiff resides, Plaintiff has not relied upon this language in opposing transfer of this case from this Court.  In any event, given the discussion infra on the venue provisions in Title VII, which are more specific than the general provisions on transfer in § 1391, the fact that Plaintiff resides in Pennsylvania would not require that this case remain in the Eastern District of Pennsylvania.

## IV.    ANALYSIS

Defendants move to transfer this case to the Eastern District of Virginia pursuant to Federal Rule of Civil Procedure 12(b)(3), 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1404(a).  (Doc. No. 22.)  In their Motion, Defendants make two arguments.  First, they argue that Title VII contains an exclusive venue provision, 42 U.S.C. § 2000e-5(f)(3), that must be applied instead of § 1391. (Doc. No. 22-1 at 5.)  Second, Defendants submit that venue is not proper in the Eastern District of Pennsylvania because none of the requirements set forth in § 2000e-5(f)(3) are met in this case because: 1) NGA does not store records in the Eastern District of Pennsylvania; 2) Plaintiff would not have worked in the Eastern District of Pennsylvania had he obtained the position for which he applied; and 3) no alleged unlawful employment practice by any Defendant occurred in the Eastern District of Pennsylvania.  (Id. at 6-7.)

In contrast, Plaintiff argues in his Response that venue is proper in the Eastern District of Pennsylvania under 42 U.S.C. § 2000(e)-5(f)(3), the first prong of Title VII's exclusive venue provision, because the alleged unlawful employment practice took place in Pennsylvania.  (Doc. No. 25 at 15.)  Plaintiff resides in Pennsylvania, and all communications between Plaintiff and Defendants took place virtually while Plaintiff was in Pennsylvania during the COVID-19 pandemic.  (Id. at 14.)  Plaintiff also argues that venue is proper under 28 U.S.C § 1391(e)(1)(B), again based on the virtual nature of the parties' communications.  (Id. at 14.)  Plaintiff contends that because Defendants directed virtual communications to Plaintiff in the Eastern District of Pennsylvania, the alleged failure to make a religious accommodation also took place in this District.  Id.  According to Plaintiff, that is where a substantial part of the events giving rise to his claims occurred.  Id.

Plaintiff also asserts that because NGA's recordkeeping is virtual, it stores information wherever it is utilized or accessed – including the Eastern District of Pennsylvania. (Id. at 15.) And finally, Plaintiff contends that although he had applied for positions in Springfield, Virginia, and St. Louis, Missouri, no clear hiring decision about the location of his future employment was made. Id. Thus, Pennsylvania and/or Virginia and/or Missouri were the locations where discussions took place. Id.

Next, Defendants then replied, arguing that: (1) the allegedly unlawful employment practice did not take place in Pennsylvania, as Plaintiff has merely established that he was located in Pennsylvania; (2) NGA's recordkeeping was not stored in Pennsylvania, but rather these records are maintained on servers located in Springfield, Virginia, and St. Louis, Missouri; and (3) even if Plaintiff had obtained a position at NGA, he would not have worked in Pennsylvania because there are no job opportunities there. (Doc. No. 27 at 2-7.)  After considering the arguments of the parties, the Court agrees with Defendants and will transfer this case to the Eastern District of Virginia.

    a.  Venue is Not Proper in Pennsylvania Under Title VII's Exclusive Venue Provision.

`    As quoted above, Title VII contains the following venue provisions:

> [s]uch an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000(e)-5(f)(3).

Here, Plaintiff has not satisfied any of these four requirements.  First, the unlawful employment practice did not occur in Pennsylvania simply because the Plaintiff received virtual

communications while located there. Plaintiff was merely located in Pennsylvania; Defendant committed the alleged "unlawful employment practice" outside of Pennsylvania. Notably, NGA has no branches, offices, or facilities in Pennsylvania. No decisions relating to Plaintiff's hiring and accommodation request were made in Pennsylvania. They were made in Springfield, Virginia, or St. Louis, Missouri.

Second, Mr. Richert's sworn affidavit further establishes that NGA does not store records in the Eastern District of Pennsylvania, virtual or otherwise. Since this affidavit contradicts Plaintiff's allegations, this Court must accept Defendants' statements regarding its recordkeeping locations. See Bockman v. First Am. Mktg. Corp., 459 F.App'x. 157, 158 (3d. Cir. 2012) (noting that a court accepts "as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits"). Third, Plaintiff speculates that he may have been assigned in Pennsylvania. Such speculation does not rebut the fact that there were no positions available in Pennsylvania, only in Virginia and Missouri, as noted. The positions for which he applied were located in Springfield, Virginia, and St. Louis, Missouri. Finally, the fourth provision does not apply, as both Plaintiff and Defendants assert that the location of NGA and its principal office is identifiable. (Doc. Nos. 22-2 ¶ 3; 25 at 16.)

b. Venue is Not Proper In Pennsylvania Under 28 U.S.C. § 1391(e)(1)(B)

28 U.S.C § 1391 generally permits a case to be filed in the venue "where a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(1)(B). But since Title VII has a more specific venue statute, it controls. See Turbeville v. Casey, 525 F. Supp. 1070,1071 (D.D.C. 1981) (holding that § 1391(e)(1)(B) does not apply to actions primarily arising under Title VII); See also Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C.

Cir. 1969).  Given that the Title VII exclusive venue provision applies in this case, not the § 1391

provision, Plaintiff's reliance on § 1391 is without merit.

    c.   <u>The Eastern District of Virginia is a Proper Venue for this Case under Title VII's
Exclusive Venue Provision.</u>

The Eastern District of Virginia is the appropriate location for this case under the Title VII

venue provision.  Though a party need only meet one subsection of the Title VII venue provision,

each of the statute's first three prongs are satisfied with respect to the Eastern District of Virginia.

First, the alleged "unlawful employment practice" took place in Springfield, Virginia, within the

Eastern District of Virginia, as well as in St. Louis, Missouri.  In those cities, NGA officials made

all decisions regarding Plaintiff's application for employment and request for accommodation.

Second, NGA stores its virtual records on servers located in Springfield Virginia, within the

Eastern District of Virginia, in addition to St. Louis, Missouri.  Thus, the records surrounding

Plaintiff's hiring and accommodation would be electronically stored at each location.  Third,

Plaintiff would have been employed in Virginia, as he had been interviewing there for the police

officer position.[2]  Under all these circumstances, venue is appropriate in the Eastern District of

Virginia.

## V.    CONCLUSION

For all the foregoing reasons, Defendants' Motion to Transfer Venue to the Eastern District

of Virginia will be granted. (Doc. No. 22.).  This case will be transferred to the United States

District Court for the Eastern District of Virginia.  An appropriate Order follows.

---

[2]    Although Defendants also rely on 28 U.S.C. § 1404(a), which allows change of venue for the
convenience of parties and witnesses, in arguing that this case should be transferred to the
Eastern District of Virginia, there is no need to do an analysis under § 1404(a) because the
venue provision in Title VII sufficiently warrants the transfer.